# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>   Plaintiff,<br><br>   v.<br><br>MOHAMED NASSER SALEM, individually and dba QUICK MART,<br><br>   Defendant. | Case No.  1:22-cv-01596-JLT-BAM<br><br>ORDER VACATING HEARING SET FOR JULY 14, 2023<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT<br><br>(Doc. 14)<br><br>**TWENTY-ONE DAY DEADLINE** |

On June 2, 2023, Plaintiff Hendrik Block filed a motion for default judgment against Defendant Mohamed Nasser Salem, individually and dba Quick Mart.[1] (Doc. 14.) Following a preliminary review of the motion, the Court finds supplemental briefing is warranted.

In deciding whether to grant or deny a default judgment, a court must assess the adequacy of the service of process on the party against whom default is requested. *See*, *e.g.*, *Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388, at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *2 (N.D. Cal. Apr. 19, 2011)); *Katzakian v.*

---

[1] Defendant did file a timely opposition to the motion.  *See* L.R. 230(c).

1

1  *Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912, at *1 (E.D. Cal.
2  Dec. 15, 2010).

3        Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within
4  a judicial district of the United States. Under Rule 4, an individual may be served by: (1) delivering
5  a copy of the summons and the complaint to that person personally; (2) leaving a copy of each at
6  the individual's dwelling or usual place of abode with someone of suitable age and discretion who
7  resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to
8  receive service of process. Fed. R. Civ. P. 4(e)(2).

9        Rule 4 also permits service on an individual in accordance with state law.  Fed. R. Civ. P.
10 4(e)(1).  California law permits substituted service by leaving a copy of the summons and complaint
11 at the defendant's dwelling house, usual place of abode, usual place of business, or usual mailing
12 address (other than a U.S. Postal Service post office box). Cal. Code Civ. Proc. § 415.20(b). Copies
13 of the summons and complaint must be left "in the presence of a competent member of the
14 household or a person apparently in charge of [the defendant's] office, place of business, or usual
15 mailing address," and copies must thereafter be mailed to the defendant at the same address where
16 the documents were left. *Id.*

17       According to the proof of service on file, Plaintiff served a copy of the summons and
18 complaint on Defendant Salem by substituted service, leaving the documents with "Abdul Singh –
19 Person in Charge of Office" on February 1, 2023.  (Doc. 4.)  The documents were left at "2329 N
20 First St, Fresno, CA 93703," which is the address for the Quick Mart facility identified in the
21 complaint.  (Docs. 1, 4.)  The proof of service identifies the manner of service as follows:

22      By leaving the copies with on the presence of Abdul Singh , (business) a person at
     least 18 years of age apparently in charge of the office or usual place of business of
23      the person served.  I informed him/her of the general nature of the papers.  I caused
     the copies to be mailed (if applicable).  A declaration of mailing is attached.
24

25 (Doc. 4.)  Copies of the summons and complaint also were mailed to the same address on February
26 8, 2023.  (*Id.* at p. 3.)

27       Based on the proof of service, the Court cannot ascertain whether Plaintiff has properly
28 effectuated service on Defendant Salem.  Substituted service under California law is permitted only

"[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served[.]" *See* Cal. Civ. Proc. Code § 415.20(b). "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt v. Super. Ct.*, 89 Cal. App. 3d 795, 801, 152 Cal. Rptr. 836 (Cal. Ct. App. 1979). "Although there is no established formula for reasonable diligence, two or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'" *Johnson v. Bozorghadad*, No. 17-cv-06536-SVK, 2020 WL 963377, at *3 (N.D. Cal. Feb. 28, 2020), report and recommendation adopted, No. 17-cv-06536-HSG, 2020 WL 1245122 (N.D. Cal. Mar. 16, 2020) (citation, internal quotation marks, and alteration omitted); *see also Trujillo v. Gogna*, No. 1:22-cv-00707-JLT-SAB, 2023 WL 2301717, at *5 (E.D. Cal. Mar. 1, 2023).

Here, the return of service does not indicate whether the process server made any prior attempts to personally serve Defendant Salem before proceeding with substituted service. The Court has considered the proof of service, request for entry of default, and the motion for default judgment, but there are no facts in any of these documents demonstrating reasonable diligence.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The hearing on Plaintiff's Motion for Default Judgment Against Defendant (Doc. 14) currently set for July 14, 2023, is VACATED;
2. Within twenty-one (21) days from the date of this Order, Plaintiff shall file supplemental briefing to address the service issues identified by the Court or to otherwise demonstrate that Plaintiff has properly effectuated service on Defendant Salem; and
3. Following receipt of Plaintiff's supplemental briefing, if any, the Court will take the Motion for Default Judgment Against Defendant under submission.  L.R. 230(g).

IT IS SO ORDERED.

Dated:  **June 21, 2023**         /s/ *Barbara A. McAuliffe*           
UNITED STATES MAGISTRATE JUDGE