1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    HENDRIK BLOCK,                          Case No.  1:22-cv-01596-JLT-BAM

12              Plaintiff,                     FINDINGS AND RECOMMENDATIONS
                                               REGARDING PLAINTIFF'S MOTION FOR
13         v.                                  DEFAULT JUDGMENT (Doc. 14)

14    MOHAMED NASSER SALEM,                    **FOURTEEN (14) DAY DEADLINE**
      individually and dba QUICK MART,
15
                Defendant.
16

17

18         Currently pending before the Court is Plaintiff Hendrik Block's motion for default

19   judgment against Defendant Mohamed Nasser Salem, individually and dba Quick Mart, which

20   was filed on June 2, 2023.  (Doc. 14.)  The motion was referred to the undersigned pursuant to 28

21   U.S.C. § 636(b)(1)(B) and Local Rule 302.  Defendant did not file an opposition to the motion,

22   and the time in which to do so has passed.  L.R. 230(c) ("Opposition . . . to the granting of the

23   motion shall be in writing and shall be filed and served no later than fourteen (14) days after the

24   motion was filed".)

25         On June 21, 2023, the Court vacated the hearing on this matter and directed Plaintiff to

26   file supplemental briefing to demonstrate whether Plaintiff properly effectuated service on

27   Defendant Salem.  (Doc. 15.)  The Court indicated that following receipt of the supplemental

28

                                              1

briefing, the motion would be taken under submission.  (*Id.*)  On July 12, 2023, Plaintiff filed supplemental briefing.  (Doc. 16.)

Having considered the moving papers, supplemental briefing, and the record in this action, and for the reasons that follow, the Court RECOMMENDS that Plaintiff's motion for default judgment be granted in part.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2022, Plaintiff filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, California's Unruh Civil Rights Act, California Civil Code § 51, and the California Health and Safety Code, alleging violations at Quick Mart, located at 2329 North First Street, Fresno, California 93703 (the "Facility"), which is owned, operated, and/or leased by Defendant.  (Doc. 1, Compl. at ¶¶ 1-2, 7.)

Plaintiff alleges that he is substantially limited in his ability to walk, uses a cane, walker, wheelchair or electric scooter for mobility, and is physically disabled under state and federal law.  (*Id.* at ¶ 8.)  Plaintiff asserts that he travels to the area where the Facility is located for shopping and other errands approximately weekly.  He visited the Facility on June 29, 2022, to purchase snacks while in the area for a medical appointment.  During his visit, Plaintiff encountered barriers that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility.  (*Id.* at ¶10.)  Plaintiff's complaint seeks statutory damages, attorneys' fees and costs, injunctive relief and declaratory relief.  (*Id.* at pp. 8-9.)

Plaintiff served Defendant Salem with the summons and complaint on February 1, 2023, by substituted service on Abdul Singh, the person apparently in charge of the office at the Facility.   (Doc. 4.)  The Clerk of the Court entered default against Defendant on March 30, 2023.  (Doc. 8.)

Plaintiff filed the instant motion against Defendants on September 28, 2022, seeking default judgment in the total sum of $7,249.89 for statutory damages and attorneys' fees and costs, along with declaratory and injunctive relief based only on his claims arising under the ADA and the Unruh Act.  (Docs. 11 and 11-1.)  Plaintiff served Defendants with a copy of the

motion by mail. (Doc. 11-7.)  No timely opposition was filed.  *See* L.R. 230(c) ("Opposition, if any, to the grating of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.").

On March 21, 2023, the Court ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act and California Health & Safety Code claims for the reasons stated in *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022) and *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). (Doc. 9.)  Plaintiff filed a response on April 11, 2023.  (Doc. 10.)  Following Plaintiff's response, the undersigned issued findings and recommendations on April 13, 2023, which recommended the Court decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act and Health & Safety Code construction-related accessibility claims and that those claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(4).  (Doc. 11.)  On May 3, 2023, the Court adopted the findings and recommendations in full, declined to exercise supplemental jurisdiction over Plaintiff's claims arising under California's Unruh Act and Health & Safety Code, and dismissed Plaintiff's Unruh Act and Health & Safety Code construction-related accessibility claims without prejudice.  (Doc. 13.)

Plaintiff filed the instant motion for default judgment against Defendant Salem on June 2, 2023.  (Doc. 14.)  As indicated, on June 21, 2023, the Court directed Plaintiff to submit supplemental briefing to address service issues and to demonstrate that Plaintiff had properly effectuated service on Defendant Salem.  (Doc. 15.)  On July 12, 2023, Plaintiff filed a supplemental brief in support of the motion for default judgment.  (Doc. 16.)  On July 13, 2023, Plaintiff also filed a declaration of diligence related to service on Defendant Salem.  (Doc. 17.)

## II.     LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action.  Fed. R. Civ. P. 55(b)(2).  "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-

1    18 (9th Cir. 1987).

2          Factors which may be considered by courts in exercising discretion as to the entry of a

3    default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of

4    plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in

5    the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

6    due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

7    Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

8    1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

9          **III.    DISCUSSION**

10                **A.  Service of Process**

11         In deciding whether to grant or deny a default judgment, a court should assess the

12   adequacy of the service of process on the party against whom default is requested.  *See, e.g.,*

13   *Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388, at *4 (E.D. Cal.

14   Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before

15   evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes &*

16   *Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v.*

17   *Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912, at *2 (E.D.

18   Cal. Dec. 15, 2010).

19         Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual

20   within a judicial district of the United States. Under Rule 4, an individual may be served by: (1)

21   delivering a copy of the summons and the complaint to that person personally; (2) leaving a copy

22   of each at the individual's dwelling or usual place of abode with someone of suitable age and

23   discretion who resides there; or (3) delivering a copy of each to an agent authorized by

24   appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

25         Rule 4 also permits service on an individual in accordance with state law. Fed. R. Civ. P.

26   4(e)(1). California law permits substituted service by leaving a copy of the summons and

27   complaint at the defendant's dwelling house, usual place of abode, usual place of business, or

28   usual mailing address (other than a U.S. Postal Service post office box). Cal. Code Civ. Proc. §

415.20(b). Copies of the summons and complaint must be left "in the presence of a competent member of the household or a person apparently in charge of [the defendant's] office, place of business, or usual mailing address," and copies must thereafter be mailed to the defendant at the same address where the documents were left. *Id.*

Substituted service under California law is permitted only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served[.]" *See* Cal. Civ. Proc. Code § 415.20(b). "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt v. Super. Ct.*, 89 Cal. App. 3d 795, 801, 152 Cal. Rptr. 836 (Cal. Ct. App. 1979). "Although there is no established formula for reasonable diligence, two or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'" *Johnson v. Bozorghadad*, No. 17-cv-06536-SVK, 2020 WL 963377, at *3 (N.D. Cal. Feb. 28, 2020), report and recommendation adopted, No. 17-cv-06536-HSG, 2020 WL 1245122 (N.D. Cal. Mar. 16, 2020) (citation, internal quotation marks, and alteration omitted); *see also Trujillo v. Gogna*, No. 1:22-cv-00707-JLT-SAB, 2023 WL 2301717, at *5 (E.D. Cal. Mar. 1, 2023).

According to the supplemental briefing and record, Plaintiff attempted service on Defendant Salem at his residence address on six different occasions without success.  (Doc. 16 at p. 2 and Ex. A.)  Plaintiff then attempted service on Defendant Salem at the Facility address on three separate occasions.  (*Id.* at p. 2; Doc. 17.)  On the third attempt, Defendant Salem was served by leaving a copy of the summons and complaint with Abdul Singh, the person in charge of the office at the Facility address.  (Docs. 4, 17.)  The summons and complaint were subsequently mailed to Defendant Salem at the same address.  (Doc. 4 at p. 3.)

Having considered the foregoing, the Court finds that Plaintiff properly served Defendant Salem pursuant to Federal Rule of Civil Procedure 4 and California Civil Procedure Code § 415.20(b).

## B.  The *Eitel* Factors Weigh in Favor of Default Judgment

### 1.  Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is

1   not entered. *See PepsiCo, Inc.,* 238 F. Supp. 2d at 1177.  Generally, where default has been

2   entered against a defendant, a plaintiff has no other means by which to recover against that

3   defendant.  *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D.

4   Cal. 2012).   Here, the Court finds Plaintiff would be prejudiced if default judgment were not

5   granted.   Default has been entered against Defendant and Plaintiff has no other means to recover

6   against him.  This factor weighs in favor of default judgment.

7            2.   Merits of Plaintiff's Claims and Sufficiency of the Complaint

8            The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a

9   claim on which [they] may recover." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1175.  Notably a

10  "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."

11  *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007).

12           ADA

13           "An ADA plaintiff suffers a legally cognizable injury under the ADA if he is

14  'discriminated against on the basis of disability in the full and equal enjoyment of the goods,

15  services, [or] facilities ... of any place of public accommodation.'" *Chapman v. Pier 1 Imports*

16  *(U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here,

17  discrimination is defined as "a failure to remove architectural barriers . . . where such removal is

18  readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

19           "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is

20  disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or

21  operates a place of public accommodation; and (3) the plaintiff was denied public

22  accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481

23  F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of

24  discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must

25  also prove that: (1) the existing facility at the defendant's place of business presents an

26  architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily

27  achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Hawai'i 2000)

28  (emphasis in original).

A private party is only entitled to injunctive relief under Title III of the ADA; however, the ADA gives the court discretion to award attorney fees to the prevailing party. *Molski*, 481 F.3d at 730.

Plaintiff alleges that he is substantially limited in his ability to walk, and must use a cane, walker, wheelchair, or electric scooter for mobility, and that he therefore is disabled as defined by applicable law.  Plaintiff also alleges that the Facility is a public accommodation and open to the public.  (Compl. at ¶¶ 8-9.)   Plaintiff further alleges that Defendant owns, operates and/or leases the Facility and the architectural barriers identified are easily removed without much difficulty or expense.  (*Id.* at ¶¶ 7, 21.)

Specifically, Plaintiff contends that travels to the area where the Facility is located for shopping and other errands approximately weekly.  He visited the Facility on June 29, 2022, to purchase snacks while in the area for a medical appointment.  (*Id.* at ¶ 10).  On the date of his visit, he had difficulty finding the designated accessible parking space in the Facility's parking lot because the sign was obscured by graffiti and stickers.  (*Id.*)  It also was difficult for Plaintiff to maneuver his wheelchair to the Facility entrance because the path of travel was uneven, with multiple gaps and cracks in the asphalt.  (*Id.*)  Plaintiff also had difficulty navigating his wheelchair through the Facility's aisles, as they lacked sufficient clear width and were further obstructed by merchandise on the floor.  The floor surface also was damaged, creating large gaps and changes in level on which Plaintiff's wheelchair became stuck.  (*Id.*)  Additionally, the transaction counter was too high, making it difficult for Plaintiff to use the counter to pay for his purchase, as from his wheelchair-seated positions, he could not see the prompts on the payment device located on top of the counter.  (*Id.*)  Plaintiff asserts that he was denied full and equal enjoyment and use of the goods, services, facilities, privileges and accommodations of the Facility.  (*Id.* at ¶ 18.)

These allegations are taken as true due to Defendant's default, and Plaintiff has met his burden of stating a *prima facie* claim for discrimination under Title III.  Plaintiff is thereby entitled to injunctive relief for the violations of the ADA.  The Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

7

### 3. The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Here, Plaintiff seeks attorneys' fees and costs incurred in the amount of $2,657.26. (Doc. 14-1 at p. 8.) The amount of money at stake is relatively small and it does not seem unreasonable in light of the allegations contained in the complaint. Accordingly, this factor does not weigh against entry of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

Following the Clerk's entry of default, the Court may assume the truth of well-pled facts in the complaint and, thus, there is no likelihood that any genuine issue of material fact exists. Further, Defendant's failure to file an answer in this case and his failure to file a response to the request for entry of default or a response to the instant motion supports the conclusion that the possibility of a dispute as to material facts is minimal. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). This factor therefore weighs in favor of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendants' default resulted from excusable neglect. *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177. Courts have found that where a defendant was "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Upon review of the record, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Defendant was properly served with the complaint, the request for entry of default, (*see* Doc. 7-2), and the motion for default judgment,

which included notification of the Clerk's entry of default (Doc. 14-7).  Despite service with these documents, Defendant has not appeared in this action.  Thus, the record suggests that Defendant has chosen not to participate in this action, and not that the default resulted from any excusable neglect.  Accordingly, this factor weighs in favor of the entry of a default judgment.

### 6.  The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.,* 694 F. Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Although the Court is cognizant of the policy favoring decisions on the merits, that policy is unavailable here because Defendant has not appeared in this action.  Accordingly, the Court finds that this factor does not weigh against entry of default judgment.

### C.  Damages

#### 1.  Injunctive Relief

Plaintiff seeks injunctive relief under the ADA for violations alleged in the complaint.  In particular, Plaintiff seeks an injunction requiring removal of all architectural barriers to Plaintiff's access to the facility.  42 U.S.C. § 12188 provides that "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal law, Plaintiff is entitled to the removal of those architectural barriers which he encountered on his visit to the facility that violated the ADA. Therefore, an injunction should issue requiring Defendant to provide properly identified accessible parking, an accessible route of travel from the accessible parking to the Facility entrance, clear width of aisles and level ground surface of the routes of travel through the public areas inside the Facility, and an accessible portion of the transaction counter.

#### 2.  Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees and costs.  The ADA authorizes the award

9

1   of attorney's fees and costs for an action. *See* 42 U.S.C. § 12205.  Attorney fee awards are

2   calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on

3   the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160

4   (9th Cir. 2018). The district court has the discretion to make adjustments to the number of hours

5   claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award.

6   *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

7           Here, Plaintiff's counsel seeks an award of $1,853.00 in attorneys' fees, plus $804.26 in

8   litigation costs. (Doc. 14-1 at p. 8; Doc. 14-3, Exs. A-D to Declaration of Tanya E. Moore

9   ("Moore Decl.".)  Specifically, Plaintiff requests: (1) $1,140.00 for 3.8 hours of work expended

10  by attorney Tanya E. Moore at an hourly rate of $300; (2) $368.00 for 3.2 hours of work

11  expended by paralegal Whitney Law at an hourly rate of $115.00; and (3) $345.00 for 3.0 hours

12  of work expended by paralegal Isaac Medrano at an hourly rate of $115.00.  (Doc. 14-1 at p.8.)

13          <u>Hourly Rates</u>

14          As indicated, Plaintiff requests an hourly rate of $300.00 for work by attorney Tanya

15  Moore and $115.00 for work by paralegals Whitney Law and Isaac Medrano.  (Doc. 14-1 at p. 8.)

16  Courts in this district have found these rates reasonable for the services of attorney Moore and for

17  the services of her paralegals.  *See Trujillo v. Singh,* Case No. 1:16-cv-01640 LJO-EPG, 2017

18  WL 1831941, at *3 (E.D. Cal. May 8, 2017); *accord e.g., Trujillo v. GH Food Mart, Inc*., No.

19  1:20-cv-00368-AWI-SKO, 2020 WL 4697139, at *7 (E.D. Cal. Aug. 13, 2020); *Trujillo v. La*

20  *Valley Foods, Inc.*, No. 1:16-cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. Jul. 14,

21  2017); *Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal.

22  May 8, 2017).  The Court therefore finds the requested hourly rates to be reasonable for Ms.

23  Moore and her paralegals.

24          <u>Attorney Time Expended by Ms. Moore</u>

25          Plaintiff seeks recovery for 3.8 hours of work performed by Ms. Moore at $300.00 per

26  hour. (Doc. 14-1 at p. 8.)  When considering the billing entries and time records submitted by

27  Plaintiff's counsel, the Court finds that the 3.8 hours billed by Ms. Moore is reasonable.  (Doc.

28  11-3, Ex. A to Moore Decl.)  The Court will recommend awarding Plaintiff $1,140.00 for 3.8

1   hours of work by Ms. Moore to litigate this case.

2              Paralegal Time Expended by Whitney Law and Isaac Medrano

3          Plaintiff seeks compensation for 3.2 hours expended by paralegal Whitney Law at

4   $115.00 per hour, and 3.0 hours expended by paralegal Isaac Medrano at $115.00 per hour. (Doc.

5   11-1 at 9.)  When considering the billing entries and time records submitted by Plaintiff's counsel,

6   the Court finds that the 3.2 hours billed by Whitney Law is reasonable.  (Doc. 14-3, Ex. A to

7   Moore Decl.)  However, a review of the billing records of Isaac Medrano reveals that certain

8   tasks he provided in this action were clerical in nature. In billing for legal services, "purely

9   clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs

10  them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).  Specifically, Mr. Medrano

11  billed .30 on December 12, 2022, to review the order setting scheduling conference, calendaring

12  the scheduling conference date, setting the deadline for Rule 26 call, and setting the deadline to

13  file a joint scheduling report.  He also billed .20 on May 4, 2023 to review a minute order to

14  vacate the scheduling conference and to set the deadline to file a motion for default judgment and

15  he billed .10 on June 2, 2023, to review amended L.R. 230 to set deadline for Defendant's

16  opposition to motion for default judgment.  (Doc. 14-3, Ex. A to Moore Decl.)  The Court finds

17  that these billable entries generally describe clerical tasks and should not be reimbursed at a

18  paralegal rate.  The Court will deduct .60 hours from Isaac Medrano's time.

19         Based on the above, the Court will recommend an award of 5.6 hours of paralegal time

20  comprised of 3.2 hours for Whitney Law ($115.00 hourly rate) and 2.4 (3.0 - .60) hours for Isaac

21  Medrano ($115.00 hourly rate) for a total of $644.00.

22              Litigation Expenses and Costs

23         Plaintiff requests recovery of litigation expenses and costs of $804.26. (Doc. 14-1 at p. 8;

24  Doc. 14-3, Exs. B, C and D to Moore Decl.)  Under the ADA, a district court, in its discretion,

25  can allow the prevailing party other than the United States to recover a reasonable attorney's fee,

26  including litigation expenses and costs. 42 U.S.C. § 12205.  The costs here include the court filing

27  fee, costs of service, and fee for a pre-filing site inspection of the facility, which are compensable.

28  *See Trujillo v. La Valley Foods, Inc*., 2017 WL 2992453, at *7 (finding costs for court filing fee,

costs of service, and fee for a pre-filing site inspection of the facility compensable). Accordingly, the Court will recommend that Plaintiff be awarded the sum of $804.26 for litigation expenses and costs.

**V.      CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1.      Plaintiff's motion for default judgment be GRANTED IN PART;

2.      Defendant be found and declared to be in violation of Title III of the Americans with Disabilities Act;

3.       Defendant be ordered to make the following modifications to the facility known as Quick Mart, located at 2329 North First Street in Fresno, California 93703, such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act as follows:

a) Provide a properly configured and identified accessible parking stall.

b) Provide a properly configured accessible route of travel from the designated accessible parking stall to the Facility entrance.

c) Provide and maintain proper clear width and level surface of the routes of travel through the aisles inside of the Facility.

d) Provide a properly configured accessible portion of the transaction counter [or auxiliary surface].

4.      Judgment be entered in Plaintiff's favor and against Defendant in the amount of $2,588.26, consisting of attorney's fees in the amount of $1,140.00 (3.8 hours at $300 per hour), paralegal fees in the amount of $644.00 (5.6 hours at $115.00 per hour), and costs of suit in the amount of $804.26; and

5.      Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to defendant at defendant's last known address.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections

12

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 14, 2023**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

13